Green, J.,
delivered the opinion of the court.
This is an action of debt brought by the plaintiff in error against the defendant, to recover one thousand dollars, for alleged professional services rendered for the defendant.
Previously to the enactment of the amended charter of the city of Memphis, passed the 3d of December, 1849, the city of Memphis was a distinct municipality from the corporation of South Memphis. But by that act the whole territory was included in the new charter, and both Memphis and South Memphis were united as one body, under the name of the *583 “City of Memphis,” with the corporate name and style of the “Mayor and Aldermen of the City of Memphis.”
By the new charter it was provided, that an election for Mayor and Aldermen should take place the last Monday of December, 1849. By the 22d section of the charter, it is enacted as follows : “This act shall go into effect on its passage, and may be read in evidence without proof in all courts of this State, but until the election and organization of the first board of Mayor and Aldermen under this charter, the offices of the City of Memphis and of South Memphis, shall be administered under their own respective charters as heretofore.” And the 24th and last section enacts as follows; “This act shall take effect immediately, and all laws, and parts of laws contrary to, or conflicting with the provsions of this act, be, and the same are hereby repealed.”
On the 28th of December, 1849, the persons composing the board of Mayor and Aldermen of Memphis, filed a. bill in their corporate names, jointly with certain private persons, to enjoin the election and organization of a board of Mayor and Aldermen under the new charter, and to declare said charter null and void. The plaintiff is an attorney, and was engaged to prepare said bill, and prosecute said suit.
The only question, upon these facts is, whether the board of Mayor and Aldermen, by whom the plaintiff was employed, had the power, in their corporate capacity, to institute said suit? And the solution of this question, depends upon the proper construction of the new charter. If, from the date of its enactment, the charters of Memphis and South Memphis were absolutely repealed, and ceased to impart vitality to the boards of Mayor and Aldermen, the powers which those boards were authorized to exercise, after the 3d of December’, 1849, must have been derived from the new charter.
It has not been contended, that the legislature has not the power to modify, alter and repeal .the charters of municipal *584 corporations at pleasure. Indeed, no lawyer would so contend at this day. There is, therefore, no doubt, but that the provisions of the new charter, by which Memphis and South Memphis are united in one corporation, and by which the old charters were repealed, are valid and constitutional.
What then is the meaning and effect of those provisions ? The last section of the act declares, that it shall go into effect immediately, and that all laws conflicting with its provisions are repealed. The 22d section declares likewise, that it shall go into effect on its passage; but it provides, that “until the election and organization of the first board of Mayor and Aldermen under this charter, the offices of the City of Memphis and South Memphis, shall be administered under their own respective charters as heretofore.”
It is insisted, that this provision neutralizes and suspends the clauses which repeal the old charter, and which declare, that the new charter shall go into effect immediately; so that these provisions of the law have no effect until a new board shall be elected and organized; and that until such organization of the new board, the boards of Mayor and Aldermen of Memphis and South Memphis were to exercise their functions by virtue of the old charters, and under the authority communicated by those charters. We do not so construe these provisions of the new charter.
It is a rule of construction, that all the provisions of a statute are to be construed in harmony with each other, so as to give complete effect to the legislative will, if it can be done. But the construction contended for, disregards the twice repeated declaration, that the act shall take effect from its passage, and that the old charters are repealed.
Unquestionably the legislature had an object in the insertion of these provisions. They, repeal the old charters, and thus declare that the new one shall go into effect from its passage ; and they intend thereby, absolutely to abrogate the old *585 charters from the date of the enactment of the new one. But as it was important, that the police regulations for the preservation of good order in the city, should be kept up until the new board of Mayor and Aldermen could be elected and organized, the 22d section was inserted, providing that the “offices of the city of Memphis and South Memphis shall be administered under their own respective charters as heretofore.” The words, “under their own respective charters”, do not mean, by virtue of the powers conferred in those charters ; for if that were the meaning, it would be inconsistent with the repealing clause. The meaning is, that while the old charters are repealed and abrogated, the new charter confers on the old officers, the power to perform the same duties that were prescribed for them by the terms of their old charters. They derive their power to act, not from a continuance of the old charters, for they are repealed, but from the new charter, by which it is conferred, but to be exercised under the rules and regulations of the old charters.
This being the construction of the new charter, and the Mayor and Aldermen, by whom the suit in question was brought, having a corporate existence only, by force of the powers conferred on them by the new charter, the question is, could they maintain such a suit ?
What is the suit ? It is a bill filed by a corporation questioning its own existence; seeking to restrain the regular succession of its officers ; and to have a decree, declaring the charter void. The absurdity of the proposition, is so apparent, upon the mere statement of the case, that it must strike every mind at once, and render any argument wholly useless.
If the legislature had no power to modify, or repeal the charter of a municipal corporation; and an attempt were made to amend, or repeal such charter, the corporate authorities might, doubtless, resist such unconstitutional interferences with their rights. Or, if an amendment were enacted, *586 to an existing charter, containing unconstitutional provisions, it might be resisted. As if the legislature had enacted a law requiring twenty thousand dollars to be paid out of the treasury of the City of Memphis, for the endowment of a college, the corporation might disregard the enactment, and resist, by judicial process, its enforcement.
But all agree, that the settled doctrine is, that the charter of a municipal corporation may be repealed. What then is the case ? It is not a suit by individuals, as natural persons, resisting an arbitrary and unjust government, imposed upon them against their will; but, by a strange perversity, the political person, existing under the name of “Mayor and Aldei’-men of Memphis,” strikes at its own life.
Now, whatever objections may be alleged to this charter, on account of other provisions in it, or on account of any supposed impropriety in the procurement of its enactment, still all must agree, that the repealing clause is valid. That repealing clause, is an abrogation of both the old charters, and the plaintiffs in the bill, for compensation for filing and prosecuting which this suit is brought, had a corporate existence by virtue of the new charter, or they had no existence at all. When they pray that this charter shall be declared void, they invoke a judgment that annihilates their being.
In the nature of things, such a suit is absurd. Upon no principle can a corporation derive from its charter, the power to destroy itself, or to seek such destruction by a suit. And if it has no power to prosecute such suit, of course it has no power to apply the corporate funds, in payment for services in aid of such an object.
There is, therefore, no error in the judgment, and the same must be affirmed.